# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| TAMMI SPANGENBERG TURNER | ) |

## INFORMATION

The United States Attorney charges that:

### Introduction

At all times relevant to this Information:

1. Interiorscapes, Inc. ("Interiorscapes") was a landscape design firm located in Birmingham, Alabama.

2. **TAMMI SPANGENBERG TURNER** worked at Interiorscapes, where she served as company bookkeeper. From about 2015 until her termination in September 2021, **TURNER** occupied a position of trust at the company. She handled bookkeeping and payroll functions, had signatory authority on company bank accounts, and had access to the Interiorscapes owner's personal bank accounts.

### COUNTS ONE AND TWO
Wire Fraud
18 U.S.C. § 1343

3. The factual allegations in Paragraphs 1 through 2 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

4. From at least in or about 2015 until in or about September 2021, more exact dates being unknown, in Jefferson County within the Northern District of Alabama and elsewhere, defendant

**TAMMI SPANGENBERG TURNER**

knowingly devised and intended to devise a scheme to defraud Interiorscapes, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

5. It was a part of the scheme that defendant **TURNER** regularly used the company's Visa credit card to pay personal expenses.

6. It was a part of the scheme that defendant **TURNER** intentionally did not reimburse Interiorscapes for those personal expenses.

7. It was a part of the scheme that these unreimbursed expenses totaled about $94,104.72.

8. It was a part of the scheme that defendant **TURNER** took steps to conceal her theft from Interiorscapes. For example, defendant **TURNER** created entries in Interiorscapes' QuickBooks accounting software that purported to describe personal expenses charged to the company's Visa card as business expenses. Defendant **TURNER** created these entries to disguise the true nature of her charges and the extent of her fraud. Interiorscapes did not know that **TURNER** had charged

these personal expenses to the company's Visa card without reimbursing the company. Interiorscapes did not know that **TURNER** had created misleading entries in the company's QuickBooks software in order to hide her fraud.

## The Wire Communications

9. On or about each of the dates listed below, in Jefferson County within the Northern District of Alabama, and elsewhere, defendant **TAMMI SPANGENBERG TURNER**, for the purpose of executing the above-described scheme and artifice and attempting to do so, caused to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals, each transmission constituting a separate count:

| Count | Approximate Date of Transaction | Description of Charge |
|---|---|---|
| 1 | April 24, 2019 | Charge on Visa ending in x8646 for $1,172.00 to Omega Tire Pros in Birmingham, Alabama |
| 2 | November 28, 2020 | Charge on Visa ending in x8646 for $1,005.00 to Wal-Mart Supercenter in Pell City, Alabama |

All in violation of 18 U.S.C. § 1343.

## FIRST NOTICE OF FORFEITURE
18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461

1. The allegations in COUNTS ONE and TWO of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. Upon conviction of the offense set forth in COUNTS ONE and TWO of this Information, the defendant, **TAMMI SPANGENBERG TURNER**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

3. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in United States currency, representing the amount of proceeds obtained, controlled, and benefited from as a result of the offense alleged.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

                PRIM F. ESCALONA
                United States Attorney

                */s/Electronic Signature*
                _____
                JOHN B. WARD
                Assistant United States Attorney